UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BRIGHTON ALLEN MAYER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ARIEL RAYNE FEICKERT,<br><br>　　　　Defendant. | 5:22-CV-05016-JLV<br><br><br>ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* AND 1915A SCREENING ORDER FOR DISMISSAL |

　　Plaintiff Brighton Allen Mayer, appearing *pro se*, initiated this action against defendant Ariel Rayne Feickert. (Docket 1). Mr. Mayer moves for leave to proceed *in forma pauperis* and provides the court with his financial information. (Docket 3). Mr. Mayer also moves to appoint counsel. (Docket 4).

　　A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant qualifies to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). The court finds Mr. Mayer is indigent and grants his motion to proceed *in forma pauperis*.

Because Mr. Mayer proceeds *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. In evaluating the complaint, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914. "[P]ro se complaints are to be construed liberally . . . ." Id. (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Mr. Mayer, a Native American man, seeks custody of his daughter and brings this complaint against his daughter's mother. (Docket 1 at pp. 1 & 4). He claims that on or around February 10, 2022, Ms. Feickert overdosed on

depression medication and was taken to the hospital.  Id.  He further claims his daughter was in the same room when this occurred.  (Docket 7 at p. 1).  Mr. Mayer alleges his daughter is now living in a one-bedroom apartment with five people, and he believes he could provide a stable home for her.  (Docket 1 at p. 4).

Mr. Mayer fails to assert a basis for subject-matter jurisdiction.  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006) (citations omitted).  Under Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action "if [it] determines at any time that it lacks subject-matter jurisdiction[.]"  If this court lacks both diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331, dismissal for lack of subject-matter jurisdiction is appropriate.  See Auto-Owners Ins. Co. v. Tribal Ct., 495 F.3d 1017, 1020 (8th Cir. 2007).

Because Mr. Mayer and Ms. Feickert are both citizens of South Dakota, this court does not have diversity of citizenship jurisdiction over Mr. Mayer's complaint.  Further, Mr. Mayer does not assert that his claim arises "under the Constitution, laws, or treaties of the United States" as required for federal question jurisdiction.  See 28 U.S.C. § 1331.  Congress provided a federal remedy for certain violations of the Indian Child Welfare Act (ICWA): "[A]ny parent or Indian custodian from whose custody [an Indian] child was removed . . . may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912,

3

and 1913 of [ICWA]." 25 U.S.C. § 1914; see also Jumping Eagle v. Warren, CIV 18-4131, 2021 WL 462644, at *7 (D.S.D. Feb. 9, 2021) (finding that federal courts are courts of competent jurisdiction under § 1914). Mr. Mayer does not allege that his daughter was removed from his custody in violation of ICWA. See Docket 1 at p. 4; Docket 7 at p. 1. Thus, this court has no jurisdiction under ICWA.

This court lacks both diversity of citizenship jurisdiction and federal question jurisdiction, and Mr. Mayer's complaint must be dismissed for lack of subject-matter jurisdiction. Mr. Mayer's claims against Ms. Feickert are dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3), 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

Based on the analysis above, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 4) is dismissed as moot.

Dated May 31, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE